UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY F.,[1]

                                            Plaintiff,         Case # 23-CV-00033-FPG

v.                                                                DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                            Defendant.
_____

## INTRODUCTION

On April 3, 2018, Anthony F., ("Plaintiff") protectively applied for supplemental security income under Title XVI of the Social Security Act (the "Act"). Tr.[2] 16. The Social Security Administration (the "SSA") denied his claim and Plaintiff appeared at a hearing before Administrative Law Judge Susan Smith ("ALJ Smith") on January 31, 2020. *Id*. At the hearing, Plaintiff appeared and testified, along with his attorney and a vocational expert. *Id*. On April 13, 2020, ALJ Smith issued an unfavorable decision. Tr. 13. On March 2, 2021, the Appeals Council denied review. Tr. 1. On March 16, 2022, pursuant to a joint stipulation filed by the parties, Plaintiff's case was remanded to the SSA by the Honorable Elizabeth A. Wolford, United States District Court for the Western District of New York. Tr. 612. On April 23, 2022, the Appeals Council vacated ALJ Smith's prior decision and issued instructions to be followed by the next Administrative Law Judge during its evaluation of Plaintiff's claim on remand. Tr. 617.

On September 15, 2022, after a hearing before Administrative Law Judge Stephan Bell (the "ALJ"), the ALJ issued a second unfavorable decision, which became the final decision of the

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only her first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF Nos. 5, 6.

SSA. Tr. 534. Plaintiff appealed directly to this Court on January 13, 2023. ECF No. 1. On October 4, 2023, this matter was reassigned to the undersigned. ECF No. 13.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 7, 11. For the reasons that follow, Plaintiff's motion is DENIED, the Commissioner's motion is GRANTED, and the judgment of the SSA is AFFIRMED.

## LEGAL STANDARD

### I. District Court Review

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

### II. Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC")

is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

## DISCUSSION

**I.      The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits using the process described above.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 3, 2018, the application date.  Tr. 539.  At step two, the ALJ found that Plaintiff has the following severe impairments: "left leg fracture status-post open reduction and internal fixation, obesity, and right Achilles tendon rupture status-post repair."  Tr. 540; *see also* 20 CFR 416.920(c).  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments.  Tr. 542.

Next, the ALJ determined that Plaintiff maintained the RFC to perform "sedentary work" as defined in 20 C.F.R. § 416.967(a), with specific exertional limitations, Tr. 543, namely that Plaintiff "can climb ramps and stairs occasionally, climb ladders, ropes, or scaffolds occasionally, stoop occasionally, kneel occasionally, crouch occasionally, crawl occasionally [and] can work in vibration occasionally."  Tr. 543.

At steps four and five, the ALJ concluded that jobs existed in the national economy that Plaintiff could perform, such as "ticket checker," "document preparer," and "telephone quotation

clerk." Tr. 550.  As such, the ALJ found that Plaintiff was not disabled from his application date through the date of the ALJ's decision, September 20, 2022.  *Id*.

**II.     Analysis**

Plaintiff argues that the ALJ (i) erred during his RFC determination because he utilized his lay opinion, not medical opinion evidence, to assess a "highly specific" RFC, and (ii) improperly considered "stale" medical opinions rendered by state consultative examiners Drs. Dave and Stouter.  ECF No. 7-1 at 12.  The Commissioner contends that the ALJ (i) properly considered the relevant medical evidence during his RFC determination and crafted an RFC consistent with the record evidence as a whole, and even if the ALJ erred, Plaintiff was not prejudiced by such error, and (ii) the opinions of Drs. Dave and Stouter were not "stale."  *See* ECF No. 11-1 at 13.  For the reasons below, the Court agrees with the Commissioner.

**A.    ALJ's RFC Determination**

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence because the ALJ utilized his own lay opinion instead of the relevant medical opinions in crafting Plaintiff's RFC.  ECF No. 7-1 at 12.  Specifically, Plaintiff contends that the ALJ erred by interpreting lumbar imaging and clinical findings that related to an ankle injury, which occurred in March 2021, especially when the ALJ found relevant medical opinions from Drs. Dave and Stouter less than persuasive.  The Court disagrees.

A claimant's RFC reflects what she "can still do despite [her] limitations." *Desmond v. Astrue*, No. 11-CV-0818 (VEB), 2012 WL 6648625, at *5 (N.D.N.Y. Dec. 20, 2012) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)).  To make the RFC determination, "[i]t is well established that an ALJ may rely on the medical opinions provided by State agency consultants and that those opinion[s] may constitute substantial evidence." *Barber v. Comm'r of Soc. Sec.*,

No. 6:15-CV-0338 (GTS/WBC), 2016 WL 4411337, at *7 (N.D.N.Y. July 22, 2016) (citations omitted). An RFC is based on a "weighing of the treatment records" and a "careful analysis of the opinion evidence." *Jennifer B. v. Comm'r of Soc. Sec.*, No. 19-CV-799-FPG, 2021 WL 485698, at *3 (W.D.N.Y. Feb. 10, 2021). Moreover, courts routinely recognize that when analyzing the record as a whole, the ALJ need not rely on one particular opinion. *See, e.g., Monroe v. Comm'r of Soc. Sec*, 676 F. App'x 5, 9 (2d Cir. 2017) (summary order) (ALJ properly relied on treatment notes and activities of daily living to formulate the RFC); *Tankisi v. Comm'r Soc. Sec*, 521 F. App'x 29, 34 (2d Cir. 2013) (summary order) (stating that where "the record contains sufficient evidence from which an ALJ can assess … residual functional capacity," a medical source statement or formal medical opinion is not necessarily required). Crucially, an "ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order). The ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole." *Matta*, 508 F. App'x at 56.

Moreover, as a general matter, if an ALJ assigns little or no weight to all available medical opinions, "the ALJ create[s] an evidentiary gap in the record requiring remand." *Garrett v. Comm'r of Soc. Sec.*, 17-CV-1009-FPG, 2019 WL 2163699, at *5 (W.D.N.Y. May 17, 2019) (holding that despite ALJ properly assigning all medical opinions little weight, remand required because ALJ may have erred in formulation of plaintiff's RFC). However, if an ALJ declines to assign significant weight to any available medical opinions, it does not prohibit them from making an RFC finding. *Schillo v. Kijakazi*, 21 F.4th 64, 78 (2d. Cir. 2022) (holding an RFC determination valid despite the ALJ not assigning controlling weight to any physician's medical opinion). "The failure to assign a specific weight to an opinion may be harmless error, particularly where the ALJ

engages in a detailed discussion of the evidence[.]" *Nusreta D.o/b/o D.J. v. Comm'r of Soc. Sec.*, 6:19-CV-06270 EAW, 2021 WL 972504, at *4 (W.D.N.Y. Mar. 16, 2021).  As discussed, an ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order).

Here, the ALJ did not assign significant weight to the opinions of Drs. Dave and Stouter, but engaged in a "detailed discussion of the evidence" and crafted an RFC that was consistent with the record as a whole. *Id*.  Each doctor opined as follows.  First, consultative examiner Dr. Dave, on May 31, 2018, approximately two months after Plaintiff's application date, opined that Plaintiff had "only mild limitations for prolonged standing, walking, climbing, and squatting due to left leg and low back pain," and further opined that Plaintiff may have "mild limitations" for prolonged sitting due to the "lumbar spine." Tr. 548.  Dr. Dave further observed that Plaintiff walked with a normal gait, appeared in no distress, had normal strength and movement of his extremities and straight-leg raise testing was normal, but that Plaintiff had some reduction in lumbar range of motion.  Tr. 548.  Assigning "less than persuasive weight" to the opinion, the ALJ discussed Dr. Dave's findings in detail, Tr. 548, before concluding that Plaintiff's medical records supported a "more restrictive" RFC than that which Dr. Dave assessed, due in part to Plaintiff's aforementioned ankle injury, which ocurred in March 2021, over two years after Dr. Dave rendered his opinion.  Tr. 548.

Second, consultative examiner Dr. Stouter, on June 21, 2018, approximately three months after Plaintiff's application date, opined that Plaintiff could perform "medium exertional work[,]" and concluded that Plaintiff was not limited to unskilled work because of his impairments.  Tr. 547.  Dr. Stouter found Plaintiff's "lower extremity fractures to be severe[,]" but noted that Plaintiff exhibited a "normal gait, require[d] no assistive devices, and [had] full range of motion

6

in all extremities and spine except the lumbar spine." Tr. 547.  The ALJ engaged in a "detailed discussion" of this evidence, before assigning "less than persuasive" weight to Dr. Stouter's opinion on the basis that it was "inconsistent with the totality of the record[,]" which included Plaintiff's subsequent ankle injury and lumbar issues.  Tr. 547; *Nusreta D.o/b/o D.J. v. Comm'r of Soc. Sec.*, 6:19-CV-06270 EAW, 2021 WL 972504, at *4 (W.D.N.Y. Mar. 16, 2021). Accordingly, the ALJ concluded that the record evidence supported a "more restrictive" RFC than that which was assessed by Dr. Stouter.  Tr. 547.

Based on the above record before the ALJ during his RFC determination, the Court finds that the ALJ possessed sufficient medical evidence from which he could assess Plaintiff's physical limitations and properly determined that Plaintiff could perform a range of sedentary work in accordance with the available medical opinions, despite his assignment of less than persuasive weight to the relevant opinions.  Contrary to Plaintiff's claim that the ALJ impermissibly utilized his own lay opinion to craft Plaintiff's RFC, the record shows that the ALJ weighed all of the evidence available to make an RFC finding that was "consistent with the record as a whole[,]" and appropriately considered evidence of Plaintiff's ankle injury and lumbar issues within this context. *Malta*, 508 F. App'x at 56 (internal quotations and citations omitted).  In discounting the functional capacities Drs. Dave and Stouter assessed, the ALJ did not err in examining Plaintiff's treatment records following his ankle injury because, depending on the circumstances, "an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment[,]" such as when the medical evidence shows relatively minor physical impairments, such as those alleged here. *Zayas v. Colvin*, No. 15-CV-6312-FPG, 2016 WL 1761959, at *4 (W.D.N.Y. May 2, 2016).  It is well-settled that "where … the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity, a medical source

statement or formal medical opinion [as to a claimed impairment] is not necessarily required." *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d. Cir. 2017) (summary order).  Where an ALJ's Step Four analysis, as here, "affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous," remand is not necessary. *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013); *see Ryder v. Comm'r of Soc. Sec.*, No. 18-CV-539-FPG, 2020 WL 5433459, at *5 (W.D.N.Y. Sept. 10, 2020).

Importantly, even if the ALJ erred with respect to this evaluation of medical evidence during his RFC determination, Plaintiff fails to demonstrate prejudice warranting remand.  "As a general matter, where an ALJ imposes a limitation in his RFC that is *more* restrictive than the relevant medical opinions, there is no error and thus no grounds for remand with respect to that limitation."  *Kiyantae N. v. Comm'r of Soc. Sec.*, No. 20-CV-6998, 2022 WL 2758309, at *4 (W.D.N.Y. July 14, 2022).  "The fact that a limitation was included despite its absence from any medical opinion means simply that the RFC was more generous than the medical opinions required, and where an ALJ makes an RFC assessment that is more restrictive than the medical opinions of record, it is generally not a basis for remand."  *Theresa G. v. Saul*, No. 20-CV-362, 2021 WL 1535472, at *5 (N.D.N.Y. Apr. 19, 2021) (internal quotation marks omitted); *see also Colleen K. v. Comm'r of Soc. Sec.*, No. 19-CV-1124, 2021 WL 117994, at *4 (W.D.N.Y. Jan. 13, 2021); *Jacob M. v. Comm'r of Soc. Sec.*, No. 20-CV-1093-FPG, 2022 WL 61007, at *5 (W.D.N.Y. Jan. 6, 2022).  Here, the ALJ determined that Plaintiff retained the physical RFC to perform "sedentary work[,]" an RFC more generous and restrictive than Dr. Dave's opinion that Plaintiff had only mild physical limitations and Dr. Stouter's opinion that Plaintiff retained the physical RFC to perform "medium or greater" work.  Tr. 543.

### B. Staleness

Plaintiff relatedly argues that the medical opinions in this case are stale and the ALJ should not have considered them in his determination of Plaintiff's RFC. ECF No. 6-1 at 13. For the reasons below, the Court disagrees.

"[M]edical source opinions that are conclusory, stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ finding." *Camille v. Colvin*, 104 F. Supp. 3d 329, 343 (W.D.N.Y. 2015) (quotation marks and citation omitted). "A medical opinion may be stale if it does not account for the claimant's deteriorating condition." *Carney v. Berryhill*, 16-cv-269-FPG, 2017 WL 2021529, at *6 (W.D.N.Y. May 12, 2017). "However, a medical opinion is not necessarily stale simply based on its age. A more dated opinion may constitute substantial evidence if it is consistent with the record as a whole notwithstanding its age." *See Camille v. Colvin*, 652 F. App'x 25, 28 n.4 (2d Cir. 2016) (summary order) (finding physician's year-old opinion not stale because subsequent opinions and treatment notes were consistent with physician's opinion).

Here, Plaintiff claims he suffered significant medical developments since Drs. Dave and Stouter rendered their opinions in 2018, including a right ankle injury he incurred while playing basketball in March 2021, which required surgery, as well as continuing "lumbar issues." ECF No. 6-1 at 13. Therefore, Plaintiff claims, the ALJ should not have relied on these opinions in determining Plaintiff's RFC. "However, subsequent surgeries and new diagnos[es] do not, alone, render opinions stale," rather, plaintiff must also "show that his physical condition deteriorated after the medical opinions were provided." *Christopher C. v. Comm'r of Soc. Sec.*, 20-cv-01774, 2022 WL 16797970, at *4 (W.D.N.Y. Nov. 8, 2022); *see also Noel M. W. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1921-JJM, 2023 WL 2726372, at *5 (W.D.N.Y. Mar. 31, 2023) (surgery to lower

9

back after medical opinion rendered did not render opinion stale because no "significant deterioration" shown).

Plaintiff's subsequent ankle surgery, recovery from which required physical therapy, does not render the opinions of Drs. Dave and Stouter stale. Indeed, the ALJ noted that, after surgery, Plaintiff showed "improvement [] with physical therapy compliance" and remained active in that he "work[ed] out daily, play[ed] basketball" and received sporadic, "generally conservative" treatment. Tr. 549. Second, with respect to Plaintiff's claims of continuing "lumbar issues[,]" such issues are not "new diagnos[es]" that may constitute deterioration sufficient to render the opinions stale. Plaintiff's lumbar issues were countenanced by both Drs. Dave and Stouter during their consultative examinations and in their medical opinions. Tr. 547-48. Plaintiff does not show that such "lumbar issues" significantly deteriorated since these examinations, such that the opinions rendered would become stale. It is Plaintiff's burden to show "that his physical condition deteriorated after the medical opinions were provided." *Id*. (quoting *Vincent B. v. Comm'r of Soc. Sec.*, 561 F.Supp 3d 362, 367 (W.D.N.Y. 2021)). Because Plaintiff does not present requisite evidence of deterioration to render the relevant medical opinions stale, the Court concludes that the ALJ did not err in relying on the opinions of Drs. Dave and Stouter.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 7, is DENIED, the Commissioner's motion for judgment on the pleadings, ECF No. 9, is GRANTED, and the judgment of the SSA is AFFIRMED. The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: November 6, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York